UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL ESTELLE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-11347** |
| **BERRY BROTHERS GENERAL CONTRACTORS, INC.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is Plaintiff Michael Estelle's Motion for Summary Judgment on Maintenance and Cure (Rec. Doc. No. 26).  For the following reasons, the motion is DENIED.

## I.     BACKGROUND

The Plaintiff, Michael Estelle, served as a deckhand/oiler aboard the dredge boat M/V CAPTAIN LEONARD, which was owned and operated by the Defendant.  The Plaintiff alleges that he suffered a back injury as a result of the Defendant's negligence on March 23, 2006.  On December 26, 2006, the Plaintiff filed suit in this Court alleging claims of negligence and unseaworthiness and seeking damages for pain and suffering, loss of wages, loss of life's enjoyment, and medical expenses.

The Plaintiff filed the instant motion on February 11, 2008.  The Plaintiff argues that the Defendant has failed to pay certain maintenance and cure obligations.  Specifically, the Plaintiff argues that the Defendant has failed to pay maintenance and cure for three items: (1) the Plaintiff's alleged need for psychological counseling, (2) medical travel expenses, and (3) prescription medication.  The Plaintiff states that the Defendant cannot show that he has reached maximum medical improvement, and there is no reason for the Defendant's failure to pay maintenance and cure for the items listed above.

The Defendant opposes the motion. The Defendant argues that, with respect to Plaintiff's alleged need for psychological counseling, it disagrees with the recommendation that the Plaintiff needs counseling and questions the qualifications of the individual from whom the Plaintiff is receiving counseling. According to the Defendant, it is in the process of arranging an independent medical examination. The Defendant also argues that it is otherwise providing maintenance and cure to the Plaintiff.

## II.     LAW & ANALYSIS

Summary judgment is appropriate in a case if "there is no genuine issues as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 2007 WL 1952964, *4 (E.D. La. July 3, 2007). In determining whether a genuine issue of material fact exisits, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessay to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

A seaman injured in the course of his or her employment has a claim for maintenance and cure. Maintenance and cure is the implied right of the seaman arising from his or her employment relationship with the shipowner and is "independent of any other source of recovery for the seaman (*e.g.*, recovery for Jones Act claims)." *Bertram v. Freeport McMoran, Inc,* 35 F.3d 1008, 1013 (5th Cir. 1994). Thus, whether the seamen or employer was negligent is not at

issue. *Brister v. AWI, Inc.*, 946 F.2d 350, 360 (5th Cir. 1991); *Jauch*, 470 F.3d at 212. Maintenance is the seaman's right to food and lodging and cure is the seaman's right to necessary and appropriate medical services, and both rights extend to the point at which the seaman reaches maximum medical improvement. *See Brees v. AWI, Inc.*, 823 F.2d 100, 104 (5th Cir. 1987) (citing *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962)). Therefore, the maintenance and cure duty does not extend to treatment which is only palliative in nature and "results in no betterment in the claimant's condition." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

When there are conflicting diagnoses and prognoses from various physicians, there is a question of fact to be determined by the trier of fact as to a plaintiff's entitlement to maintenance and cure benefits and as to whether an employer's termination of maintenance and cure benefits was arbitrary or capricious. *Lodrigue v. Delta Towing, L.L.C.*, 2003 WL 22999425, *6 (E.D. La. Dec. 19, 2003) (citing *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380 (5th Cir. 1985)). "When there are ambiguities or doubts [as to a seaman's right to receive maintenance and cure], they are resolved in the seaman's favor." *Id.* (quoting *Vaughan v. Atkinson*, 369 U.S. 527, 532 (1962)) (alteration in original).

While a shipowner owes maintenance and cure to a seaman who becomes ill or is injured while in service of the ship, the vessel owner is entitled to investigate and require corroboration of the claim. *Brown v. Parker Drilling Offshore* Corp., 410 F.3d 166, 171 (5th Cir. 2005) (citing *Morals v. Garijak*, 829 F.2d 1355, 1358 (5th Cir. 1987)). The Defendant states that it is attempting to set an independent medical examination of the Plaintiff in order to determine whether the Plaintiff's alleged need for psychological counseling and the related prescription

medications are necessary. The Defendant has the right to seek this independent medical evaluation and, accordingly, summary judgment on this issue is not appropriate.

With respect to the alleged non-payment of the Plaintiff's travel expenses in connection with his seeking treatment, the Defendant argues that it has indeed paid for such travel expenses. The Defendant has provided two checks to the Plaintiff for such expenses, and any amounts for which the Plaintiff has not yet received funds are in line for payment and are being reviewed for appropriateness. The Court finds that the Defendant has shown a genuine issue of material fact on this issue and therefore summary judgment is inappropriate.

## III.   CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff Michael Estelle's Motion for Summary Judgment on Maintenance and Cure is hereby DENIED.

New Orleans, Louisiana, this 14th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE